## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| Michelle Ball, Ted Toms, Sofia Chabot, Amelia Ball, Eliza Ball, Jessica Mullen and Lisa Metzger, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3:23-cv-00867 |
| v. | ) ) | Jury Trial Demanded |
| East Franklin Superette and Kitchen LLC dba East Frank Superette and Kitchen, | ) ) ) | |
| Defendant. | ) ) | |

## COMPLAINT

Plaintiffs Michelle Ball, Ted Toms, Sofia Chabot, Amelia Ball, Eliza Ball, Jessica Mullen and Lisa Metzger, for their complaint against Defendant East Franklin Superette and Kitchen LLC dba East Frank Superette and Kitchen ("East Frank"), allege on personal knowledge as to their actions, and upon information and belief as to the actions of Defendant, as follows:

## NATURE OF THE ACTION

1.      This action arises out of multiple instances in which Defendant intentionally and without authorization altered and used images of the individual Plaintiffs to advertise and promote the restaurant, retail and entertainment services business Defendant operates under the trade name East Frank Superette and Kitchen in downtown Monroe (Union County), North Carolina.

2.      In one such instance, Defendant obtained the following June 13, 2023, photograph of Plaintiffs and other individuals residing in Union County:



3.     Without authorization of Plaintiffs or anyone else, Defendant created modified versions of the June 13 photo along with modified versions of other original images of Plaintiffs, then subsequently used those modified versions repeatedly to advertise and promote Defendant's East Frank restaurant, retail and entertainment services.  An example of Defendant's advertising and promotional materials is shown below:



4.     In each such instance, an image of one or more of the individual Plaintiffs was visible and used to advertise and promote East Frank's business and its services.

5.     In each such instance, an image of one or more of the individual Plaintiffs was used in a manner that connoted Plaintiffs' approval or endorsement of East Frank's business and its services.

6.     However, no Plaintiff, and to the knowledge of Plaintiffs, no other person depicted in the June 13 photograph or any other photograph referenced hereinafter, has ever approved or endorsed, or has ever intended to appear to approve or endorse, East Frank's business or its services.

7.     Subsequent to Defendant's publication of the modified photographs, one of the Plaintiffs, Ted Toms, reached out to Defendant, informed it of the unlawful nature of Defendant's usage of Plaintiffs' images, and demanded that Defendant cease the publication of such materials.

8.     In an inappropriately defiant response, Defendant subsequently created and published the additional modified images referenced hereinafter, and, to Plaintiffs' knowledge, Defendant plans to continue using unauthorized images of Plaintiffs and others to promote Defendant's business and services at East Frank.

9.     As a consequence of Defendant's outrageous actions and response to Plaintiffs' rightful concerns and interests, Plaintiffs find it necessary to seek this Court's intervention to curtail Defendant's unlawful activities and to obtain the legal and equitable remedies to which Plaintiffs are entitled.

10.     As such, Plaintiffs bring this action for: (i) violation of Section 43(a)(1)(A) of the Lanham Act (15 USC § 1125(a)(1)(A)); (ii) violation of North Carolina's long-recognized privacy-

based tort of "Wrongful Appropriation of Personal Image;" and (iii) violation of the North Carolina Unfair and Deceptive Trade Practices Act (N.C. Gen. Stat. §§ 75-1.1, *et seq.*)

## PARTIES

11.     Each Plaintiff – Michelle Ball, Ted Toms, Sofia Chabot, Amelia Ball, Eliza Ball, Jessica Mullen and Lisa Metzger – is an individual residing in Union County, North Carolina.

12.     Upon information and belief, Defendant East Franklin Superette and Kitchen LLC is a North Carolina limited liability doing business as "East Frank Superette and Kitchen" at 209 E. Franklin Street, Monroe, North Carolina 28112.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this case pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

14.     This Court has personal jurisdiction over Defendant because Defendant is a resident of this judicial district, has committed tortious acts within this judicial district, has transacted business within this judicial district (including the unauthorized publication and use of Plaintiffs' images within this judicial district), and has otherwise made or established contacts within this judicial district sufficient to permit the exercise of personal jurisdiction by this Court over it.

15.     Venue is proper within this Court pursuant to 28 U.S.C. §§ 1391(a) and (b) because Defendant resides in this judicial district and is otherwise subject to personal jurisdiction in this judicial district with respect to this lawsuit, and a substantial part of the events and injury giving rise to Plaintiffs' claims has occurred within this judicial district.

## DEFENDANT'S UNLAWFUL ACTIVITIES

16.     On June 13, 2023, during a session of the Monroe City Council in Monroe, North Carolina, the Monroe City Council received public comment on whether to classify drag queen

shows as adult entertainment and thereby prohibit minors from attending events featuring entertainment of that nature. Members of the community attended the session, including Plaintiffs.

17.     Outside the meeting venue (300 W. Crowell St, Monroe, NC 28112), Plaintiffs joined a group of similarly concerned citizens opposed to all-age drag shows in their community and posed for a group photo shown below (the "June 13 Group Photo"). The June 13 Group Photo showed the participants holding signs displaying messages such as: "Stop Grooming Children"; "Why do Drag Queens Want an Audience of Children?"; "This is Child Abuse: Stop Indulging Predators"; and "Stop Sexualizing Children: Let Kids be Kids."  Some of the participants posted the June 13 Group Photo to their personal Facebook or Instagram accounts.



18.     East Frank operates a facility that provides restaurant and retail services to the public, along with various entertainment services that include drag shows.  Upon information

5

and belief, East Frank permits persons of all ages, including children, to attend the drag shows it hosts.

19.     East Frank advertises and promotes its entertainment services, particularly its series of drag shows, in various media, including the Facebook and Instagram platforms.

20.     On or about June 24, 2023, East Frank posted the following modified version of the June 13 Group Photo (the "East Frank June 24 Advertisement") on its Facebook and Instagram pages.



21.     As is obvious from the East Frank June 24 Advertisement, its content was created by modifying the June 13 Group Photo.

22.     The East Frank June 24 Advertisement incorporated the June 13 Group Photo's identifiable image of each Plaintiff and each other adult who participated in the June 13 Group Photo.

23.     In creating the East Frank June 24 Advertisement, the June 13 Group Photo replaced the original signs with letters spelling out "BURGERS," a picture of a rainbow, and a picture with the phrase "Tomorrow: Drag Brunch."   An obvious intent of Defendant in creating and publishing the East Frank June 24 Advertisement was to advertise and promote both East Frank's restaurant services and its entertainment services that incorporate drag shows.

24.     With its posts of the East Frank June 24 Advertisement, East Frank included the following text:

> *"22 of our biggest **supporters** agree, our Saturday burger specials are worth holding signs for. And posing for a photo in front of city hall. It's burger day, yo! And a beautiful one at that - so get yourself out and about in lovely Downtown Funroe! Only 11 tix left for our Drag Brunch tomorrow! (Starts at 2:00, regular breakfast brunch and lunch til then) Be Best Funrovians. Be. Best."*

25.     Upon information and belief, hundreds, if not thousands of individuals saw the East Frank June 24 Advertisement, as evidenced by the fact that the Facebook post alone received at least 134 reactions from viewers.

26.     The posting of the East Frank June 24 Advertisement elicited, for example, the following comment from one viewer:

> *"Aw yay! I'm so glad there is so much support for you guys <heart emojis>."*

To promote the drag queen event, several people also shared the post on their personal social media pages.

27.     Contrary to the direct message embedded in the East Frank June 24 Advertisement, neither Plaintiffs nor, to their knowledge, any of the other individuals shown in the East Frank June 24 Advertisement, are "supporters" of East Frank's burgers, its restaurant services, its drag brunches, or any of its other services.

7

28.     As such, and as was known by Defendant, Plaintiffs were and are opposed to aspects of East Frank's business and services.

29.     In fact, Plaintiff Ted Toms submitted a comment to the Facebook publication of the East Frank June 24 Advertisement.  In doing so, he stated clearly that he did not authorize the use of his image by East Frank to advertise the drag queen event:

> *"I DO NOT support east franklin grill OR their actions. You did NOT ask my permission to use my picture as part of an advertising prop and I suggest you do NOT repeat it. To be perfectly clear........I'm NOT a part of your crowd, do not want to be and do NOT agree with your practice of exposing children to your sexually explicit practices. This photo is a photo taken outside City Hall the night many of us showed up to make our feelings against your practices including children and the majority of the faces in that crowd are of the same opinion as I am and a number of them addressed the City Council to make our voices heard regarding children. In addition, this sign was NOT in those photos taken that night and I'm quite sure you approached none of those of us who disagree with your practices to get their approval to use those photos in your fake, misleading post. DON'T DO IT AGAIN."*

30.     Defendant subsequently and defiantly responded to Mr. Toms as follows:

> *"Ted Toms Aaannd you do realize every time you comment it helps advertise our business and improves our algorithm, and for that, we thank you."*

> *"Ted Toms I'll help you - : High conversation and comments lead to better ranking in the Facebook news feed.That's how it works. You all are a loud minority who every time you comment, it boosts our post to the top of news feeds. That's why we sell out every show- you help us constantly. So thanks again."*

> *"Ted Toms well then keep up the good work, and we will see you this afternoon. And thanks for the boosts!"*

> *"Ted Toms There you go again, giving us that boost!!"*

31.     Following Defendant's response to Mr. Toms, Defendant "doubled down" on its unlawful usurpation of the June 13 Group Photo's images of Plaintiffs and the other June 13 participants.   On July 12, East Frank posted another advertisement on Facebook (the "East Frank July 12 Advertisement") in which it modified and used without Plaintiffs' approval or

authorization a different picture of Plaintiffs Jessica Mullen and Lisa Metzger taken at an earlier protest event.   Below are copies of the East Frank July 12 Advertisement and the original photo from which it derived.

| Original Image | Modified Image |
|:---:|:---:|
|  | |

32.     As reflected above, the East Frank July 12 Advertisement removed the original signs held by Plaintiffs Mullen and Metzger and replaced the original signs with images promoting East Frank's restaurant services.  This Facebook advertisement also incorporated the following text above the modified photo:

> "Sorry. Sometimes you just have to post again! Tomorrow- boozy tea tasting!
> 530pm
> Sat- DRAG review! Get tix now-  July 15th Saturday Drag in FUNROE!!!!
> https://www.eventbrite.com/.../july-15th-saturday-drag-in... will sell out- and **you
> might even get to see these 2 lovely ladies!!"**

----*i.e.,* Ms. Mullen and Ms Metzger.

Thus, East Frank used the images of Plaintiffs Mullen and Metzger in the East Frank July 12 Advertisement to promote not only East Frank's restaurant services but also its drag queen

entertainment services.  This Facebook ad was seen by an unknown number of individuals, and at least several dozen viewers posted reactions to the post.

33.     On July 15, 2023, East Frank posted yet another advertisement using an unauthorized, modified version of the June 13 Group Photo (the "East Frank July 15 Advertisement") shown below:



34.     The East Frank July 15 Advertisement once again altered the original signs in the June 13 image to read "We Love East Frank Superette And Kitchen," "Funroe." Defendant paired this modified version of the June 13 Group Photo in the East Frank July 15 Advertisement with another image of an individual believed to be the Manager of East Frank along with an electronic fan displaying a happy face. The text read:

> *"Todays post is about fans. There's me with our biggest fan- cool, right? (Not sorry) And a nice group photo of **our fan club**. Fans are useful and blow a lot of air around. We are appreciating fans today, due to the heat, (it's summer) and it's warm in the store. Our AC and our fans are doing their best to keep it cool. (Cue the "it's going to be hotter in hell" comments.....) it's burger day, so come in and celebrate fans-any type, stay hydrated, and be best!"*

35.     The East Frank July 15 Advertisement depicting Plaintiffs as members of East Frank's "fan club" was seen by an unknown number of individuals, and at least 99 viewers posted reactions to the post.

36.     Plaintiffs also appeared in another photograph in front of the City of Monroe City Hall on October 10, 2023, in which none of them held any signs:



(the "October 10 Group Photo").

37.    On October 21, 2023, East Frank separately posted another advertisement in which East Frank, without the approval or authorization of any Plaintiff, modified the October 10 Group Photo (the "East Frank October 21 Advertisement") as shown below:



38.    In the East Frank October 21 Advertisement, Defendant replaced the permanent City of Monroe City Hall sign shown in the October 10 Group Photo with the following text advertising East Frank's restaurant services and its entertainment services that incorporate drag shows:

"stopthewaronEastFrank Join us 11 – 1 to celebrate East Frank And love."

Defendant also added text above the Plaintiffs in the photoshopped October 10 Group Photo that stated:

"Look at all those smiling faces! Ready to face the day and show Monroe what true bigots look like!! Welcome "Friends"!!"

39.     Further, the East Frank October 21 Advertisement incorporated the October 10 Group Photo's identifiable image of each Plaintiff and each other adult who participated in the October 10 Group Photo.

40.     As is obvious from the East Frank October 21 Advertisement, Defendant created its content by modifying, without any of the Plaintiffs' or participants' approval or authorization, the October 10 Group Photo.

41.     In creating and publishing the East Frank October 21 Advertisement, Defendant clearly intended to advertise and promote both East Frank's restaurant services and its entertainment services that incorporate drag shows, and to imply, suggest or declare that the participants in the October 10 Group Photo, including the Plaintiffs, endorsed, sponsored, or were in some way affiliated with the Defendant and its restaurant and entertainment services.

42.     Upon information and belief, hundreds if not thousands of individuals saw the East Frank October 21 Advertisement, as evidenced by the fact that the Facebook post alone received nearly two dozen likes and multiple replies from viewers.

43.     Contrary to the direct message embedded in the East Frank October 21 Advertisement, neither Plaintiffs nor, to their knowledge, any of the other individuals shown in the East Frank October 21 Advertisement, "celebrate" East Frank, its restaurant services, its drag brunches, or any of its other services.

44.     As such, and as was known by Defendant, Plaintiffs were and are opposed to aspects of East Frank's business and services.

45.     Multiple individuals depicted in the East Frank October 21 Advertisement, including Plaintiff Michelle Ball, corresponded with Defendant on social media to demand that their photo be removed from the East Frank October 21 Advertisement.  In particular, Ms. Ball

13

corresponded with Defendant's Cress Barnes on Facebook on October 12, 2023, stating to Cress Barnes, "you do not have my permission to use my likeness under your logo in a photo that you have edited!!"

46.     Defendant defiantly and willfully responded to the takedown requests pertaining to the East Frank October 21 Advertisement by stating, "good luck with that." Defendant did not remove the photo of Plaintiffs from the East Frank October 21 Advertisement in response to the request from Plaintiff Ball or others.

47.     Defendant also defiantly and willfully has manipulated other photographs involving Plaintiffs to this action to convey to the public the false messages that Plaintiffs support, endorse, are affiliated with or promote Defendant and its goods and services. Defendant has published photos of Plaintiffs to promote, advertise and sell tickets to Plaintiff's drag events, all without the approval, authorization, license or permission of the Plaintiffs depicted in the advertisements, and with the specific intent to harm, injure and ridicule the Plaintiffs depicted in the East Frank advertisements.

48.     In one such example, Defendant obtained a photograph (the "Chabot/Metzger Photo") in which Plaintiffs Chabot and Metzger held signs over their heads that stated, "Stop Sexualizing Children – Let Kids Be Kids" and "Stop Grooming Children." (See photo immediately below, on the left). Defendant, without approval or authorization of Plaintiffs Chabot or Metzger, altered the Chabot/Metzger Photo and posted the modified photograph on its Instagram page as an advertisement for its FUNROE'S ROYAL REVUE event on or about March 2023 ("Royal Revue Advertisement"). In the Royal Revue Advertisement, underneath the East Frank logo, Defendant wrote: "*Get your tickets now, for March . 11th!!*" Below this message was an image depicting four drag show performers. Defendant copied into the Royal

Revue Advertisement the modified Chabot/Metzger Photo at the bottom center of the Royal

Revue Advertisement, with the messages "Get your Tickets now!" and "It's going To sell Out!"

manipulated onto signboard images they were depicted as holding.

| Original Image | Modified Image |
|---|---|
|  | |

49. Neither Plaintiff Chabot nor Plaintiff Metzger provided any license or permission for

Defendant to use their respective images in the Royal Revue Advertisement, nor did either

Plaintiff provide approval or authorization as to Defendant's use thereof. As such, and as was

known by Defendant, Plaintiffs Chabot and Metzger were and are opposed to aspects of East

Frank's business and services. Accordingly, it was false and misleading for Defendant to depict

them as supporting the "Royal Revue" event or any other goods or services of Defendant.

50. In another wrongful manipulation of the Chabot/Metzger Photo, Defendant published the following advertisement (the "Brisket Day Advertisement") on social media to promote its "Brisket Day" at the restaurant. On the signboards held by Plaintiff Chabot the Defendant replaced "Stop Sexualizing Children – Let Kids Be Kids" with the message "Risk it On the brisket I did, and I loved it!" On the signboard held by Plaintiff Metzger, Defendant replaced "Stop Grooming Children" with the message "I am unable To mind my own Business, and it Only helps Theirs!" In the textual component of the Brisket Day Advertisement, Defendant touted, "We get supporters for EVERYTHING! They really do help our business, so shout out to these special ladies!! It's BRISKET DAY! IKR? Tomorrows drag event is sold out – but tix are on sale for the next month, get them now or you will be sad when all your friends are here. Hey-Carpe the F*%# out of this Diem, and as always , Be Best."



51.  Neither Plaintiff Chabot nor Plaintiff Metzger provided any license or permission for Defendant to use their respective images in Defendant's Brisket Day Advertisement, nor did either Plaintiff provide approval or authorization as to Defendant's use thereof.  As such, and as was known by Defendant, Plaintiffs Chabot and Metzger were and are opposed to aspects of East Frank's business and services.  Accordingly, it was false and misleading for Defendant to depict them as supporting the Brisket Day and the associated drag show event or any other goods or services of Defendant.  Moreover, Defendant's manipulation of the image showing Plaintiff Chabot and Plaintiff Metzger to promote Defendant's Brisket Day and the associated drag show event and restaurant services was done willfully, in bad faith, and with the aim to embarrass and harm the reputations of Plaintiffs Chabot and Metzger.

52.  In another instance, Defendant misappropriated the image of Plaintiff Metzger, taken from Plaintiff Metzger's Instagram page (the "Metzger Photo").  In the Metzger Photo, Plaintiff Metzger is pointing over her left shoulder to a word bubble.  Whereas in Plaintiff Metzger's own publication of the Metzger Photo, she used it as the first page of an Instagram Story to share her views on religion and current events (see below), Defendant misappropriated the Metzger Photo and used it to advertise and promote Defendant's "Drag You to Brunch" event on June 25, 2023 as set forth further below (the "Drag You to Brunch Advertisement").

## Metzger Photo (Original Image)



## Drag You to Brunch Advertisement



53. In the Drag You to Brunch Advertisement, Defendant incorporated the Metzger Photo, placing in the thought bubble the image of a drag performer in a heart shape, and conveying the false and misleading message that Plaintiff Metzger approves of, endorses, is affiliated with or supports Defendant's June 25, 2023 "Drag You to Brunch" event.

54. Contrary to the messages conveyed to the public by the Royal Revue Advertisement and the Drag You to Brunch Advertisement, the Plaintiffs depicted in those advertisements do not approve of, endorse, support or have any affiliation with Defendant's events, goods or services.

55. As was known by Defendant, Plaintiffs were and are opposed to aspects of East Frank's business and services.

56. Defendant's misappropriation and misuse of Plaintiffs' images in the Royal Revue Advertisement and the Drag You to Brunch Advertisement were done willfully, with the intent to harm or cause disrepute or embarrassment to the Plaintiffs depicted in those advertisements, and were known to be and in fact were intended to be in violation of Plaintiffs' rights.

57. Defendant's actions as described herein have in fact harmed each of the Plaintiffs.

## Count I

**VIOLATIONS OF 15 USC § 1125(a)(1)(A) (§ 43(a)(1)(A) of the Lanham Act)**

58. Plaintiffs repeat and reallege the contents of Paragraphs 1-57 as though fully set forth herein.

59. Pursuant to Section 43(a)(1)(A) of the Lanham Act (15 USC § 1125(a)(1)(A)):

*"Any person who, on or in connection with any…services…uses in commerce any…device…or any misdescription of fact, or false or misleading representation of fact, which…is likely to cause confusion, or to cause mistake, or to deceive as to the…approval of his or her goods, services or commercial activities by another person…shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act."*

60.     Defendant has **used in commerce**, inter alia, certain **devices**, namely, modified versions of photographs, including, without limitation, modified versions of the June 13 Group Photo and the October 10 Group Photo.

61.     Defendant has *used in commerce,* inter alia, **false or misleading representations of fact** regarding **Plaintiffs' approval or endorsement of Defendant's business and services**.

62.     Defendant has *used in commerce,* inter alia, **misdescriptions of fact** regarding **Plaintiffs' approval or endorsement of Defendant's business and services**.

63.     Each Plaintiff believes that he or she has been damaged, and will continue to be damaged, if his or her persona is associated with East Frank and its business, particularly its restaurant and entertainment services.

64.     Defendant's acts constitute multiple violations of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

65.     Moreover, Defendant's acts constitute multiple **willful** violations of § 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A), as Defendant knowingly has modified, without the approval, authorization, license or permission of Plaintiffs, images displaying Plaintiffs, and which modified images contain misdescriptions of fact regarding Plaintiffs' approval or endorsement of Defendant's restaurant business and drag show entertainment services.

66.     Each Plaintiff believes that, by hijacking his or her image to promote East Frank and its business, particularly its restaurant and entertainment services, Defendant has received ill-gotten revenues and profits and, as such, Defendant has unlawfully deprived each Plaintiff of a fair

share of the revenues and profits gleaned from East Frank's unlawful activities that would be due him or her if the commercial use of Plaintiffs' images, in fact, had been authorized.

67.     The aforesaid acts of Defendant have also caused and, unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Plaintiffs, for which Plaintiffs have no adequate remedy at law.

## Count II

## PRIVACY-BASED TORT OF "WRONGFUL APPROPRIATION OF PERSONAL IMAGE"

68.     Plaintiffs repeat and reallege the contents of Paragraphs 1-67 as if fully set forth herein.

69.     North Carolina has long recognized the "Wrongful Appropriation of Personal Image" as a privacy-based tort.

70.     This form of tortious activity includes the unauthorized appropriation of a person's likeness in connection with an advertisement or commercial enterprise, *i.e.*, for the defendant's commercial advantage.

71.     An aggrieved complainant asserting this tort is not required to allege or prove an independent commercial value in his or her image or identity to obtain legal remedies addressing the commission of this tort.

72.     As alleged hereinabove, Defendant has knowingly and willfully, in multiple repeated unauthorized instances, used images of Plaintiffs in a callous and malicious manner to advertise and promote East Frank's restaurant services and its entertainment services.

73.     The tortious acts of Defendant have caused and, unless enjoined by this Court, will continue to cause, irreparable damage, loss and injury to Plaintiffs, for which Plaintiffs have no adequate remedy.

74.     Defendant's reckless disregard for, and Defendant's multiple purposeful violations of, the personal rights of Plaintiffs warrant awards to each Plaintiff of punitive damages in addition to all other legal and equitable remedies appropriate to redress Defendant's tortious activities.

<u>**Count III**</u>

**VIOLATION OF NORTH CAROLINA UNFAIR AND DECEPTIVE TRADE
PRACTICES ACT
(N.C. Gen. Stat. §§ 75-1.1, *et seq.*)**

75.     Plaintiffs repeat and reallege the allegations of Paragraphs 1-74 as if fully set forth herein.

76.     Defendant's activities as described above:

(a)     Are **immoral, unethical, oppressive, unscrupulous, and offend the ethos of the marketplace**;

(b)     Constitute an unfair method of competition in or affecting commerce, **or**

(c)     Are **unfair and deceptive acts or practices in and affecting commerce**; and

(c)     **Cause a likelihood of confusion or misunderstanding as to the sponsorship, approval, or association of East Frank's business and services with each Plaintiff**.

77.     Plaintiffs have no adequate remedy at law for Defendant's activities in violation of N.C. Gen. Stat. § 75-1.1, and, if Defendant's activities are not enjoined, will continue to suffer irreparable harm and injury to Plaintiffs' goodwill and reputation.

78.     Defendant's reckless disregard and purposeful violations of the North Carolina Unfair and Deceptive Trade Practices Act warrant awards to each Plaintiff of punitive damages in addition to all other legal and equitable remedies appropriate to redress Defendant's unfair and/or deceptive trade practices.

22

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.        Preliminary and permanent injunctions prohibiting Defendant, its employees, officers, directors, members, affiliated businesses, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using in connection with the advertising, promotion or marketing of East Frank, any other business, or for any other purpose whatsoever (except as approved by the Court or Plaintiffs for the limited purpose of Defendant's public apology and/or corrective advertising): (i) any image of any Plaintiff or any of the other participants in the June 13 Group Photo or the October 10 Group Photo or any of the other images of any of the Plaintiffs including each of those images described above; or (ii) any image derived, in whole or in part, from the June 13 Group Photo or the October 10 Group Photo or any other photo of any Plaintiff or any of the other participants in the June 13 Group Photo or the October 10 Group Photo or any of the other images described above.

B.        Preliminary and permanent injunctions requiring Defendant to remove from all social media platforms, websites, sales aids, advertisements, and any other promotional material or medium, all use of: (i) any image of any Plaintiff or any of the other participants in the June 13 Group Photo or the October 10 Group Photo or any of the other images described above; and (ii) any image derived, in whole or in part, from the June 13 Group Photo or the October 10 Group Photo or any other photo of any Plaintiff or any of the other participants in the June 13 Group Photo or the October 10 Group Photo, including the other images described above.

C. An order requiring Defendants to prepare and, upon the approval of the Court or Plaintiffs, publish in the manner directed by the Court or agreed by the parties, a document incorporating a public apology for the illegal activities made the subject of this lawsuit and corrective advertising reflecting the misleading and false nature of the representations made by Defendant in its previous references to, or images of, Plaintiffs and the other participants in the June 13 Group Photo and the October 10 Group Photo and the other images described above.

D. An accounting for all profits derived by Defendant from such unlawful activities;

E. An award of such monetary remedies in an amount sufficient to compensate each Plaintiff for damages each of them has sustained as a consequence of Defendant's unlawful acts, as well as the profits of Defendants derived from the activities advertised or promoted via Defendant's unlawful activities;

G. An award of trebled, punitive and/or enhanced damages, as appropriate, for Defendant's egregious and willful disregard and violation of Plaintiffs' rights;

H. That Defendant be directed to pay Plaintiffs' reasonable costs and attorneys' fees incurred in connection with this lawsuit; and

I. All such other and further relief as this Court may deem just and proper.

Dated: December 18, 2023

s/ Jason M. Sneed
Jason M. Sneed (N.C. Bar No. 29593)
Megan E. Sneed (N.C. Bar No. 38525)
**SNEED PLLC**
445 S. Main St., Suite 400
Davidson, NC 28036
Tel.: 844-763-3347
JSneed@SneedLegal.com
MSneed@SneedLegal.com
Litigation@SneedLegal.com
*Attorneys for Plaintiffs*