IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:23-CV-867-RJC-DCK

| MICHELLE BALL, et al., | ) |  |
|---|---|---|
| Plaintiffs, | ) |  |
| v. | ) | **ORDER** |
| EAST FRANKLIN SUPERETTE AND KITCHEN LLC, | ) |  |
| Defendant. | ) |  |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion To Dismiss" (Document No. 9) filed February 9, 2024. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will direct that the pending motion to dismiss be <u>denied</u> as moot.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

# DISCUSSION

"Plaintiffs' Consent Motion for Extension Of Time To Respond To Defendant's Motions To Dismiss" (Document No. 11) was filed on February 20, 2024. The undersigned promptly granted that motion and ordered Plaintiffs to "file a response to 'Defendant's Motion To Dismiss' (Document No. 9), or in the alternative an Amended Complaint pursuant to Fed.R.Civ.P. 15, on or before March 8, 2024."

Plaintiffs timely-filed a "First Amended Complaint" (Document No. 13) on March 8, 2024. Plaintiffs' Amended Complaint supersedes the original Complaint; therefore, the undersigned will direct that "Defendant's Motion To Dismiss" (Document No. 9) be denied as moot.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect.'"); Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

To the extent Defendant contends the Amended Complaint is deficient, this Order is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint.

**IT IS, THEREFORE, ORDERED** that "Defendant's Motion To Dismiss" (Document No. 9) is **DENIED AS MOOT**.

**SO ORDERED**.   Signed: March 11, 2024

David C. Keesler
United States Magistrate Judge

3

Case 3:23-cv-00867-RJC-DCK   Document 14   Filed 03/11/24   Page 3 of 3